BUCHALTER
A Professional Corporation
MICHAEL L. MEEKS (SBN: 172000)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mmeeks@buchalter.com

Attorneys for Plaintiffs
TOYO TIRE U.S.A. CORP., TOYO TIRE CORPORATION,
AND NITTO TIRE U.S.A. INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYO TIRE U.S.A. CORP., TOYO TIRE CORPORATION, AND NITTO TIRE U.S.A. INC., | Case No. 8:20-cv-00502 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | **(1) TRADEMARK INFRINGEMENT (LANHAM ACT)** |
| STEVEN MANDALA, d/b/a JSIMPORTCO, d/b/a TIREGRAFICX, d/b/a TIRE GRAFICX, d/b/a FORMULA MOTORSPORTS, FORMULA TIRE CORPORATION, INC. AND DOES 1 through 10, | **(2) FALSE DESIGNATION OF ORIGIN (LANHAM ACT)** |
| | **(3) TRADEMARK DILUTION (LANHAM ACT)** |
| Defendants. | **(4) FALSE ADVERTISING (LANHAM ACT)** |

Plaintiffs TOYO TIRE U.S.A. CORP., TOYO TIRE CORPORATION, AND NITTO TIRE U.S.A. INC. (collectively "Plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1.     This action arises under the trademark laws of the United States.  This Court has original jurisdiction over the subsequent matter of this action pursuant to 28 U.S.C. §§1331(a) and 15 U.S.C. §1121(a).

2.     Plaintiffs are informed and believe, and based thereon allege, that the court has personal jurisdiction over defendants because defendants have engaged in substantial physical business activities within the State of California and specifically at least in Orange County, California.  Plaintiffs are informed and believe, and based thereon allege, that defendants operate internet websites that utilized the infringed trademarks identified herein that offer for sale and sell products that infringe the trademarks discussed herein in the State of California within at least Orange County, California and that defendants have in fact sold and delivered infringing products including tire stickers in the State of California at least within Orange County, California.

3.     Venue is properly asserted against defendants in this District under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims herein arose in this District.

## THE PARTIES

4.     Plaintiff Toyo Tire U.S.A. Corp. ("Toyo U.S.A.") is a California corporation with its corporate headquarters and principal place of business in Cypress, California.  Toyo U.S.A. is the exclusive seller of "Toyo" brand tires. Toyo U.S.A. was founded in 1966 as a wholly-owned subsidiary of Toyo Tire Holdings of Americas Inc., which is wholly-owned by Toyo Tire Corporation ("Toyo Tire").  Toyo U.S.A. was the first subsidiary of a Japanese tire manufacturer to be established in the United States, starting out in a small office in Southern California, where it began warehousing and distributing commercial truck tires.

Subsequently, Toyo U.S.A. began offering passenger and light truck replacement tires, and through a network of independent tire dealers, grew the Toyo Tire brand in the United States.  Toyo U.S.A. currently sells a broad range of Toyo branded tires for passenger cars, light trucks, commercial vehicles, trucks, and buses.  In addition, Toyo U.S.A. is responsible for marketing the Toyo trademarks in the United States and licenses apparel and other goods bearing the Toyo trademark.

5.    Plaintiff Toyo Tire is a Japanese corporation with its corporate headquarters and principal place of business at 2-2-13 Fujinoki, Itami-shi, Hyogo 664-0847, Japan.  Toyo Tire was established in 1945 and is one of the world's most renowned manufacturers and distributors of tires.  Internationally, Toyo Tire has produced tires for over 70 years.  After decades of growth and success, Toyo Tire established Toyo Tire U.S.A. Corp., Nitto Tire U.S.A. Inc., Toyo Tire Holdings of Americas Inc., Toyo Tire North America OE Sales LLC and Toyo Tire North America Manufacturing Inc. in the United States.  Throughout its existence, Toyo Tire has maintained commitment to its technological innovations, quality and performance, and excellent customer service of its tires.  In the United States, Toyo Tire has repeatedly been named #1 Overall Brand by North American Tire Dealers in Tire Review Magazine's Annual Tire Brand Study.  Toyo Tire offers consumers a wide range of tires to fit virtually any need and any type of vehicle under the "Toyo" and "Nitto" brands.  Toyo and Nitto brand tires are sold worldwide and are used by families, competitive racers, off-road enthusiasts, and professional and commercial drivers.  The brands have been featured in movies, television shows, sporting and entertainment events throughout the United States and the world. Plaintiffs routinely sponsor high profile sporting and entertainment events, athletes, race car drivers and driving teams throughout the United States.  The athletes and events Plaintiffs sponsor prominently display their trademarks.  Plaintiffs' famous trademarks are recognized instantly among consumers of vehicle tires as well as people involved as participants and fans of auto racing both on-road and off-road.

Toyo and Nitto trademarks are used on tires, apparel, stickers and many other promotional items all referring to Plaintiffs as their source or sponsorship.

6.       Plaintiff Nitto Tire U.S.A. Inc. ("Nitto Tire") is a California corporation with its corporate headquarters in Cypress, California.  Nitto Tire is a wholly-owned subsidiary of Toyo Tire Holdings of Americas Inc. which is wholly-owned by Toyo Tire.  Nitto Tire sells Nitto branded tires for high performance, racing, luxury-touring, and passenger vehicles, as well as SUV's, rugged off-road and on-road light trucks.  In addition, Nitto Tire is responsible for marketing the Nitto trademarks in the United States and licenses apparel and other goods bearing the Nitto trademark.

7.       Plaintiffs are informed and believe, and based thereon allege, that defendant Steven Mandala is an individual residing in Orlando, Florida.  Plaintiffs are further informed and believe, and based thereon allege, that at all time relevant hereto Steven Mandala was the alter ego and agent of the businesses identified and described herein including, but not limited to, (a) an eBay business selling materials for tires known as JSIMPORTCO, (b) a website and web domain known as //shop.tiregraficx.com, (c) the owner and operator of the business entity Formula Tire Corporation, Inc., (d) internet based business known as www.instagram.com/tiregraficx ("@tiregraficx") and www.facebook.com/tiregraficx, (e) the owner and operator of a business known as Formula Motorsports; (f) all of the foregoing businesses also sell on Amazon.com; (g) internet based business known as www.custom-tire.com; and (h) other businesses engaging in the conduct described herein.

8.       Plaintiffs are informed and believe, and based thereon allege, that defendant Formula Tire Corporation, Inc. is a Florida Corporation with its principal place of business in Orlando, Florida.  Plaintiffs are further informed and believe, and based thereon allege, that Formula Tire Corporation is and at all times was wholly owned by defendant Steven Mandala and that it participated in the conduct

alleged herein with Steven Mandala and others acting as its agents, employees and representatives in engaging in the actions described herein

9.      Plaintiffs are informed and believe, and based thereon allege, that the identity of Doe defendants 1 through 10 are not known to Plaintiffs.  However, Plaintiffs are informed and believe, and based thereon allege, that the Doe defendants engaged in all of the acts set forth herein and that all defendants identified herein acted as the agents, employees, representatives or are otherwise responsible for the acts of each of the other defendants identified herein.

10.      Defendants Steven Mandala, Formula Tire Corporation, Inc. and all of the Doe Defendants are herein referred to collectively as "Defendants."

## TRADEMARKS

11.      Plaintiffs own all intellectual property related to the Toyo/Nitto Marks (defined *infra*) used in connection with the goods and services identified by Plaintiffs in the trademark applications and registrations, and also in connection with all related goods and services within the normal zone of expansion of Plaintiffs' goods and services.

12.      Through extensive and continuous use, Plaintiffs' own numerous trademarks and registrations (including common law variations) containing the terms TOYO and NITTO used on and in connection with their goods and services, including, but not limited to, the following:

| Mark | Date Registered | Registration No. | First Use | Goods & Services |
|---|---|---|---|---|
| TOYO TIRES | 7/7/2009 | 3652765 | 3/29/2005 | FINANCIAL SPONSORSHIP OF RACING EVENTS |
| TOYO TIRES | 12/22/2015 | 4875109 | 6/2015 | GYM BAGS; SPORTS BAGS |
| TOYO TIRES | 4/8/2008 | 3409258 | 1966; 1998; 1998; 1998; 2001 | TIRES; BACKPACKS; MUGS; THERMAL INSULATED WRAP FOR CANS TO KEEP CONTENTS COLD OR HOT; DIE CAST CARS |
| TOYO TIRES | 4/8/2008 | 3409221 | 1998 | DECALS; CLOTHING (JACKETS, T-SHIRTS, SHIRTS, POLO SHIRTS, SWEATPANTS, JACKETS, HATS, HEADWEAR, GLOVES) |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1

| Mark | Date Registered | Registration No. | First Use | Goods & Services |
|---|---|---|---|---|
| TOYO TIRES (STYLIZED) | 4/7/2009 | 3602754 | | TIRES |
| DRIVEN TO PERFORM | 9/30/2008 | 3510136 | 9/2006 | FINANCIAL SPONSORSHIP OF RACES |
| DRIVEN TO PERFORM | 12/4/2007 | 3348516 | 9/1986; 1988 | TIRES; CLOTHING (JACKETS, T-SHIRTS, SHIRTS, POLO SHIRTS, SWEATSHIRTS, JACKETS, HATS, HEADWEAR) |
| PROXES | 1/21/1992 | 1672988 | 4/3/1991 | TIRES |
| OPEN COUNTRY | 3/6/1984 | 1269131 | 1/10/1981 | TIRES |
| TOYO (STYLIZED) | 9/12/2017 | 5285958 | 1966 | TIRES |
| TOYO | 9/12/2017 | 5285092 | 1966 | TIRES |
| NITTO (STYLIZED) | 11/28/17 | 5346752 | 3/2011 | PROMOTING SPORTS COMPETITIONS AND EVENTS OF OTHERS, NAMELY AUTOMOBILE RACES AND AUTOMOBILE AND RACE-CAR DRIVING EVENTS |
| NITTO (STYLIZED) | 11/1/2016 | 5071217 | 1/2007 | TIRES |
| NITTO (STYLIZED) | 9/26/17 | 5296956 | 2003 | FINANCIAL SPONSORSHIP OF RACING EVENTS |
| NITTO (STYLIZED) | 9/17/2017 | 5291588 | 2000 | CLOTHING (JACKETS, T-SHIRTS, POLO SHIRTS, SWEATSHIRTS, JACKETS, HATS, HEADWEAR) |
| NITTO (STYLIZED) | 10/25/16 | 5067021 | 4/2014 | ENTERTAINMENT SERVICES, NAMELY, FILM AND VIDEO PRODUCTION SERVICES; DVD PRODUCTION FEATURING MULTIMEDIA SPORTS AND ENTERTAINMENT CONTENT; ENTERTAINMENT IN THE NATURE OF MOTORIZED VEHICLE MOTORSPORTS EVENTS, RALLIES AND EXHIBITIONS |
| NITTO | 8/27/1968 | 0855563 | 1/1960 | VEHICLE TIRES |
| NITTO | 4/15/2014 | 4514194 | 3/2004 | ANTI-SLIPPING DASHBOARD MATS FOR HOLDING PERSONAL ITEMS THAT ARE AFFIXED OR SPECIAL ADAPTED TO THE AUTOMOBILE |
| NITTO | 11/29/2016 | 5089020 | 1996 | WRITING INSTRUMENTS; STICKERS; VINYL DECALS |
| NITTO | 6/2/2015 | 4745969 | 9/2012 | WATCHES, JEWELRY |
| NITTO | 7/1/2014 | 4558994 | 2/2009 | IRON-ON CLOTH PATCHES FOR CLOTHING |
| NITTO | 4/15/2014 | 4514195 | 11/2002 | LANYARDS FOR HOLDING ID CARDS, ENTRY TICKETS AND PASSES |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1

| Mark | Date Registered | Registration No. | First Use | Goods & Services |
|------|-----------------|------------------|-----------|------------------|
| NITTO | 1/24/2017 | 5126616 | 12/2007 | PORTABLE STORAGE DEVICES, NAMELY BLANK USB'S; SUNGLASSES; AUDIO EQUIPMENT, NAMELY, AUDIO SPEAKERS; DOWNLOADABLE SOFTWARE IN THE NATURE OF MOBILE APPLICATIONS RELATED TO TIRES, RACING AND TRAVEL; FITTED PLASTIC FILMS KNOWN AS SKINGS FOR COMPUTER TABLETS; COMPUTER MOBILE DEVICE CASES AND HOLDERS; SMART PHONE CASES; HEADPHONE CASES; TIRE PRESSURE GAUGES |
| NITTO | 7/8/2014 | 4562807 | 1990 | ENTERTAINMENT IN THE NATURE OF MOTORIZED VEHICLE EVENTS AND EXHIBITIONS |
| NITTO | 7/1/2014 | 4558991 | 2003 | FINANCIAL SPONSORSHIP OF RACING EVENTS |
| NITTO | 4/15/2014 | 4558992 | 3/2011 | PROMOTING SPORTS COMPETITIONS AND EVENTS OF OTHERS |
| NITTO | 4/15/2014 | 4514189 | 6/2006 | PLAY MOTOR CARS; TOY CARS |
| NITTO | 5/26/2015 | 4741643 | 2000 | CLOTHING (JACKETS, T-SHIRTS, POLO SHIRTS, SWEATSHIRTS, JACKETS, HATS, HEADWEAR) |
| NITTO | 4/15/2014 | 4514190 | 2/2008 | MUGS |
| NITTO | 4/15/2014 | 4514191 | 11/2004 | AIR DEODORIZER |
| NITTO | 6/23/2015 | 4758280 | 8/2008 | LUGGAGE TAGS; SPORTS BAGS; BACKPACKS; LUGGAGE |
| NT | 9/18/2018 | 5565769 | 12/31/2010 | TIRES |
| NT (ICON) | 6/3/2008 | 3442691 | 8/2007 | TIRES |
| GRAPPLER | 3/4/2008 | 3390759 | 3/31/2001 | TIRES |
| DURA GRAPPLER | 2/26/2008 | 3389465 | 10/31/2006 | TIRES |
| RIDGE GRAPPLER | 9/13/2016 | 5042180 | 7/5/2016 | TIRES |
| TERRA GRAPPLER | 11/8/2011 | 4052417 | 3/2002 | TIRES FOR VEHICLES |
| MUD GRAPPLER | 11/8/2011 | 4052157 | 2/2004 | TIRES FOR VEHICLES |
| DUNE GRAPPLER | 4/17/2007 | 3230678 | 11/2005 | TIRES |
| TRAIL GRAPPLER | 4/13/2010 | 3775783 | 7/31/2009 | TIRES FOR VEHICLES |
| NT555 | 10/20/2015 | 4836456 | 1/1998 | TIRES FOR VEHICLES |
| INVO | 6/12/2007 | 3251846 | 11/1/2005 | TIRES |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1

13.     Plaintiffs have also obtained trademark rights in their R888 trademark which have been used to identify Plaintiffs as the source of tires branded R888 since 2007.  Plaintiffs have continuously used the R888 trademark since 2007.  The R888 trademark is used on vehicle tires.  Plaintiffs have used the R888 trademark in advertising and marketing on the Internet as well as point of sale displays, on the tires themselves, and many forms of print advertising and marketing throughout the United States.  As a result of the product quality and foregoing efforts as well as other advertising, sales, and marketing, Plaintiffs have acquired substantial and valuable goodwill in the R888 trademark.

14.     The trademarks identified in Paragraph 12, above, are valid and subsisting (collectively referred to as the "Toyo/Nitto Marks").

15.     As early as 1966, Plaintiffs have continuously used, advertised, offered for sale, and/or sold in interstate commerce, Plaintiffs' goods and services under the Toyo Marks, and as early as 1949 under the Nitto Marks throughout the United States through various different methods.

16.     Plaintiffs' actual and intended class of consumers throughout the United States are consumers of tires, auto racing enthusiasts, off-roading enthusiasts, and related consumers.

17.     Plaintiffs have devoted substantial time, effort and resources in the establishment of the goodwill, consumer recognition and nationwide reputation of the Toyo/Nitto Marks.

18.     Plaintiffs have also expended significant resources to advertise their goods and services under the Toyo/Nitto Marks throughout the United States in multiple media, including, but not limited to print advertising, websites, Internet advertisements, point of sale displays and social media networking sites.

19.     The Toyo/Nitto Marks are inherently distinctive and famous within the meaning of 15 U.S.C. §1125(c).

20.     Plaintiffs have not abandoned any of the Toyo/Nitto Marks.

## DEFENDANT'S WRONGFUL CONDUCT

21. In 2018, Plaintiffs were informed that Defendants were using the Toyo/Nitto Marks in connection with goods and services which overlap with those of Plaintiffs. In fact, Plaintiffs are informed and believe, and based thereon allege that Defendants have been and currently are offering for sale and selling counterfeit goods incorporating the Toyo/Nitto Marks as well as falsely marketing and advertising themselves as authorized sellers of products for Plaintiffs.

22. On December 12, 2018, Plaintiffs' in-house counsel sent a letter to Defendants by Federal Express in an attempt to resolve the issue. Defendants did not respond and continued to infringe the Toyo/Nitto Marks and Plaintiffs' other trademark rights. A copy of Plaintiffs' December 12, 2018 letter is attached hereto as **Exhibit A**. On February 8, 2019, outside counsel for Plaintiffs sent another letter to Defendants demanding that Defendants cease using the Toyo/Nitto Marks. A copy of that letter is attached hereto as **Exhibit B**.

23. Defendants responded to Plaintiffs' outside counsel claiming to have received a license to use Plaintiffs' Toyo/Nitto Marks from a company known as TredWear. On review of the purported license, Plaintiffs are informed and believe, and based thereon allege, that the purported license (1) is a forgery and not a document from TredWear and not a license to use the Toyo/Nitto Marks at all; (2) even if the purported license was not a forgery, it was only valid for the sale of certain products associated with Toyo Marks -- and not Nitto Marks -- because TredWear never had any rights to use Nitto Marks; (3) the purported license from TredWear was expressly limited to tire stickers made by TredWear and Defendants were/are selling tire stickers made by third parties other than TredWear using the Toyo/Nitto Marks; and (4) TredWear ceased to have the right to make Toyo stickers or license any use of the Toyo trademark in 2018.

24. On November 18, 2019, Plaintiffs informed Defendants that the purported license Defendants were relying upon was invalid and, for the sake of

clarity, Plaintiffs informed Defendants that to the extent Defendants claim any right to use the Toyo/Nitto Marks under any license, Plaintiffs terminated any such rights. A copy of Plaintiffs' letter dated November 18, 2019 is attached hereto as **Exhibit C**. Plaintiffs are informed and believe, and based thereon allege, that Defendants have continued to sell tire stickers bearing the Toyo/Nitto Marks and continued to use those marks in Defendants' advertising and marketing. Moreover, Plaintiffs are informed and believe, and based thereon allege, that Defendants have continued to claim that they are authorized retailers of Plaintiffs' products.

25. Plaintiffs' goods and services include the sale of tires and tire stickers through authorized vendors using the Toyo/Nitto Marks. Defendants compete with Plaintiffs by selling counterfeit tire stickers that use the Toyo/Nitto Marks without any right to use those trademarks. And, Defendants claim to be authorized retailers of Plaintiffs' products even though they have no authorization to sell Plaintiffs' products or use Plaintiffs' trademarks.

26. Plaintiffs are informed and believe, and based thereon allege, that Defendants began illegally using the Toyo/Nitto Marks in 2015 on tire stickers and other goods. Plaintiffs are further informed and believe that Defendants have marketed their businesses using the Toyo/Nitto Marks to draw attention to their businesses. Plaintiffs are informed and believe, and based thereon allege, that Defendants' sales of other products were increased as result of Defendants' use of the Toyo/Nitto Marks in Defendants' advertising and marketing.

27. The following are examples of Defendants' infringing use of the Toyo/Nitto Marks:

1
2
3
4
5
6
7
8



9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28





BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1



BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**COMPLAINT**
BN 35625029v1

28.     The foregoing images of Defendants' infringing activities are only a small part of the infringement and use of the Toyo/Nitto Marks for Defendants' benefit.  These images were taken from Defendants' Amazon, eBay, and Twitter pages, //shop.tiregraficx.com website, YouTube videos and other sources.  Other examples of Defendants' trademark infringement are attached hereto as **Exhibit D**.

29.     Defendants' infringing activities include the use of the Toyo/Nitto Marks in Defendants' advertising and marketing, as well the sale of counterfeit tire stickers and other products using the Toyo/Nitto Marks. In addition, Defendants' infringing activities include express representations on their various websites and other internet business sites that Defendants are authorized sellers of Plaintiffs' products.

30.     Defendants' infringing activities also include directing its customers to post images of Defendants' counterfeit products on Defendants' websites including the following:



BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

COMPLAINT
BN 35625029v1

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants continued use of the Toyo/Nitto Marks in marketing and advertising and tire decals and other goods is intended to, and will cause confusion, mistake or deception amongst consumers and the industry, and lead to increased business for Defendants based on Plaintiffs' goodwill.

32.     By virtue of its acts and conduct alleged above, Defendants have caused damages to Plaintiffs, as a result of confusion as to the source of origin and sponsorship of Defendants' goods and services, and Defendants have otherwise competed unfairly with Plaintiffs.  Such likelihood of confusion includes, but is not limited to, confusion of consumers and the general public that Defendants' goods and services which are advertised using the Toyo/Nitto Marks are directly connected with Plaintiffs and their brands.

33.     Defendants' acts and conduct have caused damages and irreparable injury to Plaintiffs in an amount to be determined at trial.  Said acts and conduct will result in further damage and irreparable injury to Plaintiffs if Defendants are not immediately restrained by this Court from further violation of Plaintiffs' rights, for which Plaintiffs have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. §1114)

34.     Plaintiffs repeat, reallege, and incorporate by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

35.     Defendants have both actual and constructive knowledge of Plaintiffs' ownership and rights in its federally registered marks prior to Defendants' infringing use of those marks.

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendants has been advertising, marketing and promoting services using the Toyo/Nitto Marks identified above.  Defendants' use of the Toyo/Nitto Marks in association with Defendants' goods and services is likely to cause confusion, and

Plaintiffs are informed and believe, and based thereon alleges, that such use has caused consumer confusion as such consumers believe that Defendants' goods and services are commissioned by, sponsored by, or affiliated with Plaintiffs.

37. Defendants' use of the Toyo/Nitto Marks is without permission of Plaintiffs. Plaintiffs are informed and believe, and based thereon allege, that Defendants willfully use the Toyo/Nitto Marks in connection with the sale, offering for sale, promotion and advertising of Defendants' goods and services in a manner likely to cause confusion, or to cause mistake, or to deceive customers that Defendants' goods and services are authorized by, or affiliated with Plaintiffs.

38. The above-recited acts by Defendants constitute trademark infringement of the Toyo/Nitto Marks to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

39. Plaintiffs are informed and believe, and based thereon allege, that as a result of these acts, Defendants have been, and will continue to be, unjustly enriched by the profits that Defendants have made in connection with the use of the Toyo/Nitto Marks.

40. Defendants' continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Plaintiffs. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to a permanent injunction enjoining Defendants from engaging in further acts of infringement.

41. Plaintiffs are informed and believe, and based thereon allege, that as a direct and proximate result of Defendants' acts, Plaintiffs have suffered damages and are entitled to an award of monetary damages in an amount not yet determined. Moreover, Defendants are unjustly enriched and Plaintiffs are unjustifiably damaged each and every time Defendants use the Toyo/Nitto Marks to advertise and promote its services, and each time a consumer uses Defendants' goods or

1  services, as such use by Defendants causes confusion as to their affiliation with

2  Plaintiffs.  Plaintiffs are also entitled to their attorneys' fees and costs of suit herein.

3      42.    Plaintiffs are informed and believe, and based thereon allege, that

4  Defendants' acts have been and are continuing in conscious and willful disregard of

5  the Toyo/Nitto Marks and the resulting damage to Plaintiffs is such as to warrant

6  the trebling of damages in order to provide just compensation.

7  **SECOND CLAIM FOR RELIEF**

8  **(False Designation of Origin – 15 U.S.C. §1125(a))**

9      43.    Plaintiffs repeat, reallege and incorporate by reference, as though fully

10  set forth herein, the allegations in all prior and subsequent paragraphs.

11      44.    Plaintiffs are informed and believe, and based thereon allege, that

12  Defendants have used and are using the Toyo/Nitto Marks to advertise, promote

13  and market Defendants' goods and services with the intent of passing off and

14  confusing the public into believing that Defendants' goods and services are

15  sponsored by, endorsed by, or affiliated with Plaintiffs.

16      45.    Defendants' above recited acts constitute false designation of origin,

17  false description of fact, false representation, unfair competition and false

18  affiliation, connection or association in violation of Section 43(a) of the Lanham

19  Act, 15 U.S.C. §1125(a), as such acts are likely to have deceived and are likely to

20  continue to deceive customers and prospective customers into believing that

21  Defendants' goods and services are from, sponsored by, endorsed by, or affiliated

22  with Plaintiffs.

23      46.    If not enjoined by the Court, Defendants will continue to market,

24  promote and advertise their goods and services in commerce, which services will be

25  attributed to being sponsored by, endorsed by, or affiliated with Plaintiffs.

26      47.    Plaintiffs are informed and believe, and based thereon allege, that as a

27  result of these acts, Defendants have been and will continue to be, unjustly enriched

28

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

18

**COMPLAINT**
BN 35625029v1

by the profits that the Defendants have made in connection with its use of the Toyo/Nitto Marks.

48.     Plaintiffs are informed and believe, and based thereon allege, that Defendants' continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm on Plaintiffs. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to a temporary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

49.     Plaintiffs are informed and believe, and based thereon allege, that as a direct and proximate result of Defendants' acts, Plaintiffs have suffered damages and are entitled to an award of monetary damages in an amount not yet determined. Defendants have been unjustly enriched and Plaintiffs are unjustifiably damaged each and every time Defendants use the Toyo/Nitto Marks to promote, advertise, or market their goods and services. Plaintiffs are also entitled to their attorneys' fees and costs of suit herein.

50.     Plaintiffs are informed and believe, and based thereon allege, that Defendants' acts were and are in conscious and willful disregard of Plaintiffs' rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. §1125(c))

51.     Plaintiffs repeat, reallege and incorporate by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

52.     The Toyo/Nitto Marks are distinctive and famous marks.

53.     Defendants began using the Toyo/Nitto Marks in connection with the advertising, marketing and promotion of their goods and services, including tire decals and stickers, subsequent to the Toyo/Nitto Marks becoming famous.

54.     Defendants' advertising, marketing, and promotion of Defendants' goods and services and their use of the Toyo/Nitto Marks causes dilution by lessening the capacity of the Toyo/Nitto Marks to identify and distinguish Plaintiffs' goods and services.  Defendants' use of the Toyo/Nitto Marks also causes dilution by tarnishment thereby harming the reputation of the Toyo/Nitto Marks.

55.     By reason of the acts complained of herein, Defendants have caused the dilution of the distinctive quality of the Toyo/Nitto Marks, lessened the capacity of the Toyo/Nitto Marks to identify and distinguish Plaintiffs' goods and services, and tarnished the Toyo/Nitto Marks in violation of 15 U.S.C. §1125(c).

56.     As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by the profits Defendants have made in connection with its advertising, promoting and marketing of Defendants' goods and services.

57.     Defendants continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm upon Plaintiffs.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to a temporary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

58.     Plaintiffs are informed and believe, and based thereon allege, that as a direct and proximate result of Defendants' acts, Plaintiffs have suffered damages and are entitled to an award of monetary damages in an amount not yet determined.  Defendants have been unjustly enriched and Plaintiffs are unjustifiably damaged each and every time Defendants use the Toyo/Nitto Marks to promote, advertise, or market their goods and services.  Plaintiffs are also entitled to their attorneys' fees and costs of suit herein.

59.     Plaintiffs are informed and believe, and based thereon allege, that Defendants' acts were and are in conscious and willful disregard of Plaintiffs'

1  rights, and the resulting damage to Plaintiffs is such as to warrant the trebling of

2  damages in order to provide just compensation.

3  **FOURTH CLAIM FOR RELIEF**

4  **(False Advertising – 15 U.S.C. §1125(a))**

5      60.    Plaintiffs repeat, reallege and incorporate by reference, as though fully

6  set forth herein, the allegations contained in all prior and subsequent paragraphs.

7      61.    Plaintiffs are informed and believe, and based thereon allege, that

8  Defendants have in effect created a website, eBay, Instagram, Amazon, Twitter and

9  Facebook pages and internet and physical marketing materials that appear to create

10  a connection with Plaintiffs and Defendants.  Defendants' use of identical marks

11  and logos deceive consumers into believing that the entities are somehow related,

12  affiliated or otherwise related.  This deception is material in that the above-

13  mentioned actions are likely to influence the decision by consumers to purchase

14  Defendants' goods and services believing that the goods and services originate from

15  Plaintiffs.

16      62.    Defendants' above-described acts constitute false advertising in

17  violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

18      63.    As a result of these acts, Defendants have been, and will continue to

19  be, unjustly enriched by the profits that the Defendants have made in connection

20  with advertising of its services under the Toyo/Nitto Marks.  Such profits have

21  damaged and will continue to damage Plaintiffs.

22      64.    Defendants' continuing infringement has inflicted, and unless

23  restrained by this Court will continue to inflict, great and irreparable harm upon

24  Plaintiffs.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to

25  preliminary and permanent injunctions enjoining Defendants from engaging in

26  further acts of false advertising.

27      65.    Plaintiffs are informed and believe, and based thereon allege, that as a

28  direct and proximate result of Defendants' foregoing acts, Plaintiffs have suffered

and are continuing to suffer damages.  Plaintiffs are entitled to an award of monetary damages in an amount not yet determined.  Defendants continue to be unjustly enriched and Plaintiffs are unjustifiably damaged each time Defendants cause confusion by use of the Toyo/Nitto Marks.  Plaintiffs are also entitled to an award of their attorneys' fees and costs of suit herein.

66.   Plaintiffs are informed and believe, and based thereon allege, that Defendants' acts were and are in conscious and willful disregard of Plaintiffs' rights and the resulting damage to Plaintiffs are such as to warrant the trebling of damages in order to provide just compensation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

1.   Plaintiffs seek immediate, preliminary and permanent injunctive relief requiring that Defendants, their affiliates, subsidiaries, officers, directors, employees, independent contractors, and attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from:

(a)   Using the Toyo/Nitto Marks and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Toyo/Nitto Marks, in any medium (retail, wholesale, internet, physical or otherwise) in connection with any services, related services or related goods;

(b)   Representing in any manner, or by any method whatsoever, that Defendants are in any way affiliated with Plaintiffs, or that the goods, services or other products or services provided by Defendants are sponsored, approved, authorized by, or originate from Plaintiffs, or otherwise take an action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

(c)   Infringing, diluting and/or tarnishing the distinctive quality of the Toyo/Nitto Marks;

(d)     Participating in any activity involving the use of any of the Toyo/Nitto Marks in any manner, whether or not they believe the use of such marks is permissible, unless they receive a prior order from the Court after notice to Plaintiffs of such a request specifically authorizing such use; and

(e)     Unfairly competing with Plaintiffs in any manner;

2.     That Defendants are required to give notice of this injunction by providing a copy hereof to their affiliates, subsidiaries, officers, directors, employees, independent contractors, and attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them, and Defendants shall provide a list including the name, contact information, and date notice was given within 10 days of the date of the injunction issues.

3.     That Defendants are required to deliver to Plaintiffs for destruction any literature, catalogs, decals, stickers, signs, advertising material, and the like bearing any of the Toyo/Nitto Marks or any confusingly similar variations thereof for products neither originating from not authorized by Plaintiffs.

4.     That Defendants are required, within thirty (30) days after service of judgment with notice of entry thereof upon them, to file with the Court and serve upon Plaintiffs' attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1, 2 and 3 above.

5.     That Defendants are required to account for and pay over to Plaintiffs their profits and the cumulative damages sustained by Plaintiffs by reasons of Defendants' unlawful acts of trademark infringement, false designation of origin, dilution and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Plaintiffs.

6.     That the Court order disgorgement and/or restitution of Defendants' profits to Plaintiffs.

7.     That for each violation of the trademark rights of Plaintiffs, Defendants be ordered to pay statutory damages for such violations under each applicable claim for relief, and where there is a finding of willful infringement or other conduct entitling Plaintiffs to an increase in statutory damages, for the maximum award of statutory damages available under each of the applicable claims for relief set forth above.

8.     That Plaintiffs be awarded their reasonable costs and attorneys' fees.

9.     That Plaintiffs be awarded punitive damages

10.     That Plaintiffs be awarded such other and further relief as the Court may deem equitable.

DATED:  March 12, 2020                    BUCHALTER
                                          A Professional Corporation


                                 By:  /s/ Michael L. Meeks
                                      MICHAEL L. MEEKS
                                      Attorneys for Plaintiffs
                                      TOYO TIRE U.S.A. CORP., TOYO
                                      TIRE CORPORATION,
                                      AND NITTO TIRE U.S.A. INC

# EXHIBIT A

                                              

**FUELED BY ENTHUSIASTS®**

K. Noelle Peters
Associate General Counsel
Toyo Tire Holdings of Americas Inc.
5665 Plaza Drive, Suite 200
Cypress, CA 90630
Tel: 714-229-6105
PetersN@ToyoTiresHA.com

December 12, 2018

Via FedEx

TIREGRAFICX
Attn: Steven Mandala
shop.tiregraficx.com
8600 Commodity Circle, Suite 148
Orlando, FL  32819

(407)900-0190

Re:   Intellectual Property Infringement of Toyo and Nitto Names/Logos

Dear Mr. Mandala:

I am Associate General Counsel at Toyo Tire Holdings of Americas Inc. and its affiliated corporations, Toyo Tire U.S.A. Corp. ("Toyo") and Nitto Tire U.S.A. Corp. ("Nitto").

It has come to our attention that you are selling Toyo and Nitto logo stickers and decals, and using Toyo and Nitto's names and logos on your website (htps://shop.tiregraficx.com), Instagram site, Facebook page, YouTube channel (Scuderia AutoMobili-TireGraficx Installation Video) and eBay store (jsimportco) without our permission (e.g. NITTO logo, NT icon, NITTO NT555, NITTO iNVO, TRAIL GRAPPLER, RIDGE GRAPPLER, TERRA GRAPPLER G2, DUNE GRAPPLER,TOYO, PROXES, OPEN COUNTRY, TOYO R888, DRIVEN TO PERFORM and TOYO TIRES).   Among other things, your sites and eBay store suggest an affiliation between Toyo/Nitto and TIREGRAFICX, when none exists.

*Your unauthorized use of Toyo and Nitto's names and logos constitute an infringement under U.S. trademark, copyright and other intellectual property and unfair competition laws.  We request that you cease and desist immediately from selling Toyo and Nitto logo decals and all further unauthorized uses of Toyo and Nitto's names and logos in any manner whatsoever, including but not limited to uses on your website, Facebook page, Instagram page, and YouTube channel*

When this type of unauthorized usage occurs, we like to believe that the actions have been inadvertent and not a case of intentional intellectual property infringement. However, in this case it appears that you have been notified repeatedly about these violations by eBay's Verified Rights Owner Program (VeRO Team).

EXHIBIT A, PAGE 26





**FUELED BY ENTHUSIASTS®**

Please give this matter your immediate and serious attention and contact me immediately to advise of the steps that you have taken and will be taking to correct these egregious violations of Toyo and Nitto's proprietary rights.

We hope that we can resolve this misunderstanding without court intervention.   Should however, this matter not be immediately resolved to Toyo and Nitto's satisfaction, this offer of settlement is without waiver of any of Toyo and Nitto's rights and remedies, all of which are expressly reserved.

We look forward to hearing from you not later than December 30th, 2018.

Sincerely,

K. Noelle Peters
Associate General Counsel
Toyo Tire Holdings of Americas Inc.

Attachments

bcc:    Toyo Tire & Rubber Co., Ltd.
        Toyo Tire U.S.A. Corp.
        Nitto Tire U.S.A. Inc.

EXHIBIT A, PAGE 27



# Toyo Tires, Tire Lettering, and Accessories

## Our offerings of Toyo Tires, Tire Decal Kits, and Toyo Tire Lettering in both Permanent Raised Rubber and Temporary Heat Pressed Decal DIY Kits.



Established in 1966, Toyo Tire U.S.A. Corp. represents the innovation, quality, performance, and excellent service that Toyo Tires has delivered worldwide for more than 70 years. We offer a complete selection of premium replacement tires for nearly every make and model including light trucks, SUVs, high performance cars, and luxury vehicles, as well as commercial trucks. Many of these tires are built here in the United States at our state-of-the-art factory in Bartow County, Georgia.
Excerpt taken from https://www.toyotires.com/about-us





F RMULATIRECO

Home > Shop Tire Lettering > Shop By Brand > Nitto

## Nitto Tires, Tire Lettering, and Accessories

### Our offerings of Nitto Tires, Tire Decal Kits, and Nitto Tire Lettering in both Permanent Raised Rubber and Temporary Heat Pressed Decal DIY Kits.

Founded in 1949, Nitto Tire is driven by passion and innovation. We create tires for those who are enthusiastic about their vehicles. We always strive to anticipate and drive consumer trends by supporting emerging markets before they are mainstream, helping them grow and driving the market forward. Our tire sizing, tread patterns and tire compounds combine modern aesthetics with cutting-edge technology. This technology has helped us create some of the most radical-looking tire designs on the market today. These memorable designs are the result of state-of-the-art development, quality engineering and rigorous testing procedures. By incorporating computer modeled designs for road noise reduction and a program that aids in enhancing dynamic contact points while driving, our engineers successfully identify and counteract undesirable tire responses in a variety of driving conditions. In addition, the tested technological advances in polymer tread compounds allow our engineers to deliver truly high-quality tires that provide extended tread life, improved traction on both wet and dry roads and inspire driver satisfaction.
-Excerpt taken from https://www.nittotire.com/about-us/

Sort By:   Price: Low to High ˅          30 per page  ˅    Page    1    of 1















# EXHIBIT B

# Buchalter

18400 Von Karman Avenue
Suite 800
Irvine, CA 92612
949.760.1121 Phone
949.720.0182 Fax

File Number: T9936-0003
949.224.6431 Direct
mmeeks@Buchalter.com

February 8, 2019

**VIA E-MAIL (STEVENMANDALA74@GMAIL.COM)
AND FEDEX OVERNIGHT DELIVERY**

Mr. Steven Mandala
8600 Commodity Circle, Ste 148
Orlando, Florida 32819

   Re: Toyo Tire Corporation et al. v. Steven Mandala, Tire Graficx, Inc. and Formula
      Tire Corporation, Inc.

Dear Mr. Mandala:

   This letter and the attached draft Complaint follow up on our clients Toyo Tire
Corporation, Toyo Tire U.S.A. Corp., and Nitto Tire U.S.A. Inc.'s (collectively "Toyo Tire")
letter dated December 12, 2018 ("Cease & Desist Letter"). Toyo Tire never received any
response to its Cease & Desist Letter and all of the illegal activity described in the Cease &
Desist Letter has continued.

   This letter represents Toyo Tire's last effort to secure your agreement to cease and desist
from any further unlawful activity as described in the Cease & Desist Letter and the attached
draft Complaint. Your unauthorized use of the Toyo and Nitto trademarks is a violation of the
Lanham Act and will result in an injunction against you and your companies, as well as awards
of compensatory and punitive damages and attorney's fees.

   Toyo Tire takes its intellectual property rights very seriously and will bring this matter to
court unless your conduct ceases immediately. You have until February 20, 2019 to respond to
this letter agreeing (1) to remove all advertising, marketing, photos and other references to Toyo
and Nitto from all of your internet activities including, but not limited to, the
www.tiregraficx.com website, Twitter, Instagram, Facebook, EBay, Amazon and all other
internet activities through which you advertise or sell products; (2) to certify that all decals,
stickers, and other products of any kind that have any reference to Toyo or Nitto have been
recovered from any vendor and that all such materials including all those in your possession have
been destroyed; (3) to cancel any orders for any such products from your suppliers; (4) to destroy

buchalter.com

Los Angeles
Napa Valley
Orange County
Sacramento
San Francisco
Scottsdale
Seattle

Buchalter

Mr. Steven Mandala
February 8, 2019
Page 2

all other marketing, advertising, price lists and other materials referencing Toyo or Nitto; (5) to agree not to sell, order, make, or create, any goods using the Toyo or Nitto marks or anything confusingly similar; and (5) to agree not to assist others to sell, order, make, or create any goods using the Toyo or Nitto marks or anything confusingly similar.

This is not intended as a complete statement of our clients' rights, remedies or claims. Our clients reserve all of their rights whether arising in law or in equity.

Very truly yours,

BUCHALTER
A Professional Corporation

By

Michael L. Meeks

MLM:gt

Enclosure

EXHIBIT B, PAGE 39

**Tooley, Geri**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, February 11, 2019 7:18 AM |
| **To:** | Tooley, Geri |
| **Subject:** | FedEx Shipment 774425675191 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Buchalter |
| Name: | Michael L. Meeks |
| E-mail: | gtooley@buchalter.com |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | T9936-0003 |
| Ship date: | Feb 8, 2019 |
| Signed for by: | S.MANDALA |
| Delivery location: | ORLANDO, FL |
| Delivered to: | Receptionist/Front Desk |
| Delivery date: | Mon, 2/11/2019 10:15 am |
| Service type: | FedEx Priority Overnight® |
| Packaging type: | FedEx® Envelope |
| Number of pieces: | 1 |
| Weight: | 1.00 lb. |
| Special handling/Services | Deliver Weekday |
| Standard transit: | 2/11/2019 by 10:30 am |

Tracking number:      774425675191

| Shipper Information | Recipient Information |
|---|---|
| Michael L. Meeks | Mr. Steven Mandala |
| Buchalter | TIREGRAFICX |
| 18400 Von Karman Avenue | 8600 Commodity Circle |
| Suite 800 | Suite 148 |
| Irvine | ORLANDO |
| CA | FL |
| US | US |
| 92612 | 32819 |

1

EXHIBIT B, PAGE 40

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:17 AM CST on 02/11/2019.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery  displayed above. FedEx does not determine money-back guarantee or  delay  claim requests based on the scheduled delivery. Please see the FedEx Service Guide for terms  and
conditions of service, including the FedEx Money-Back Guarantee,  or contact  your FedEx customer support representative.

To track the status of this shipment online, please use the following:
https://www.fedex.com/apps/fedextrack/?action=track&tracknumbers=774425675191&language=en&opco=FX&clienty pe=ivother

Standard transit is the date and time the package is scheduled to be delivered  by, based on the selected service, destination and ship date. Limitations  and exceptions may apply. Please see the FedEx Service Guide for  terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx  Customer Support representative.

© 2019 Federal Express Corporation. The content of this message is protected  by copyright and trademark laws under U.S. and international law. You  can access our privacy policy by searching the term on fedex.com. All  rights reserved.

Thank you for your business.

EXHIBIT B, PAGE 41

# EXHIBIT C

# Buchalter

18400 Von Karman
Avenue
Suite 800
Irvine, CA 92612
949.760.1121 Phone
949.720.0182 Fax

File Number: T9936-0003
949.224.6431 Direct
mmeeks@Buchalter.com

November 18, 2019

**VIA EMAIL (STEVENMANDALA74@GMAIL.COM)**
**AND VIA FEDERAL EXPRESS**

Steven Mandala
d/b/a JSIMPORTCO
d/b/a www.tiregraficx.com
8600 Commodity Circle, Ste. 148
Orlando, Florida 32819

Re:     Cease & Desist re Toyo Tires and Nitto Trademarks

Dear. Mr. Mandala:

As you know, we represent Toyo Tire U.S.A. Corp. ("Toyo") and Nitto Tire U.S.A. Inc. ("Nitto"). Toyo and Nitto hereby demand that you immediately cease and desist from any use of their trademarks on your website www.tiregraficx.com and any other websites, advertising, and marketing of any kind. In addition, Toyo and Nitto hereby demand that you cease and desist from any further sale of tire stickers using any of their trademarks unless those tire stickers are manufactured by an authorized manufacturer.

Tire stickers using Toyo's and Nitto's trademarks that do not come from authorized manufacturers are counterfeit goods. Your sale of counterfeit goods is a violation Toyo's and Nitto's trademark rights under the Lanham Act as well as other statutes and case law. If you continue the unauthorized use of Toyo's and Nitto's trademarks and/or continue to sell counterfeit goods, you will be subject to claims for damages, treble damages, lost profits and your counterfeit goods will be subject to seizure.

buchalter.com

Los Angeles
Napa Valley
Orange County
Sacramento
San Francisco
Scottsdale
Seattle

BN 38479717v1

EXHIBIT C, PAGE 43

# Buchalter

Steven Mandala
November 18, 2019
Page 2

We are aware that you claim the right to use Toyo's and Nitto's trademarks pursuant to a purported sublicense from TredWear based upon your claims in *Steven Mandala v. Tire Stickers LLC, et al.*, U.S.D.C. Middle District of Florida, Case No. 18-cv-02110-RDB ("Mandala Federal Case"). First, TredWear never held any license to use any Nitto trademarks and had no ability to ever sublicense any Nitto trademarks for your use. Second, the purported sublicense you provided is a forgery that does not match any agreement between Toyo and TredWear for authorizing sublicenses.

Third, the purported sublicense limited the use of certain Toyo trademarks for the sale of TredWear tire stickers. As we informed you in February 2019, TredWear ceased to be a licensee of Toyo at the end of 2018 and no tire stickers from TredWear could be made after that date. You confirmed that you would sell the last of your TredWear tire stickers by May 2019. Your allegations in the Mandala Federal Case state that you are manufacturing your own tire stickers. Such tire stickers are counterfeits and you were never authorized to use Toyo's or Nitto's trademarks to manufacture your own tire stickers. Fourth, you have continued to use Toyo's and Nitto's trademarks without authorization even though you knew you had no right to use those trademarks.

While Toyo and Nitto believe you never had any right to use their trademarks under the purported sublicense from TredWear, they want to make clear to you that any purported rights that might exist to use their trademarks pursuant to any purported license or sublicense are hereby terminated immediately. You have five days to confirm in writing that you have (1) removed all of Toyo's and Nitto's trademarks from any and all websites, advertising, EBay web pages, Amazon web pages, Facebook pages, and any other internet sales medium of any kind; (2) removed all of Toyo's and Nitto's trademarks from any and all print advertising, signage, business cards, brochures, and any other marketing/sales materials of any kind; (3) destroyed all tire stickers bearing Toyo's and Nitto's trademarks that were not made by an authorized manufacture; and (4) agree to cease all future sale of counterfeit tire stickers and cease all future use of Toyo's and Nitto's trademarks. The foregoing applies to you personally as well as any company that you own, control, manage, or are otherwise an agent of.

EXHIBIT C, PAGE 44

Buchalter

Steven Mandala
November 18, 2019
Page 3

  If we do not receive your written agreement to the foregoing, Toyo and Nitto will be forced to take all legal steps necessary to protect their intellectual property rights.  This is not a complete statement of the facts, law or rights of Toyo or Nitto, and they reserve all of their rights whether arising in law or in equity.

    Very truly yours,

    BUCHALTER
    A Professional Corporation

    Michael L. Meeks

MLM:gt

**Tooley, Geri**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Tuesday, November 19, 2019 7:26 AM |
| **To:** | Tooley, Geri |
| **Subject:** | FedEx Shipment 777014052450 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Buchalter |
| Name: | Michael L. Meeks,  Esq. |
| E-mail: | gtooley@buchalter.com |

Our records indicate that the following  shipment has been delivered:

| | |
|---|---|
| Reference: | T9936-0003 |
| Ship date: | Nov 18,  2019 |
| Signed for by: | S.MANDALA |
| Delivery location: | ORLANDO,  FL |
| Delivered to: | Receptionist/Front  Desk |
| Delivery date: | Tue,  11/19/2019 10:22 am |
| Service type: | FedEx  Priority Overnight® |
| Packaging type: | FedEx®  Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50  lb. |
| Special handling/Services | Deliver  Weekday |
| Standard transit: | 11/19/2019  by 10:30 am |

Tracking number:      777014052450

| Shipper Information | Recipient Information |
|---|---|
| Michael L. Meeks, Esq. | Mr. Steven Mandala |
| Buchalter | d/b/a JSIMPORTCO d/b/a TIREGRAFICX |
| 18400 Von Karman Avenue | 8600 Commodity Circle |
| Suite 800 | Suite 148 |
| Irvine | ORLANDO |
| CA | FL |
| US | US |
| 92612 | 32819 |

1

EXHIBIT C, PAGE 46

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:26 AM CST on 11/19/2019.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery  displayed above. FedEx does not determine money-back guarantee or  delay  claim requests based on the scheduled delivery. Please see the FedEx  Service Guide for terms and
conditions of service, including the FedEx Money-Back Guarantee,  or contact  your FedEx customer support representative.

To track the status of this shipment online, please use the following:
https://www.fedex.com/apps/fedextrack/?action=track&tracknumbers=777014052450&language=en&opco=FX&clientype=ivother

Standard transit is the date and time the package is scheduled to be delivered  by, based on the selected service, destination and ship date. Limitations  and exceptions may apply. Please see the FedEx Service Guide for  terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx  Customer Support representative.

© 2019 Federal Express Corporation. The content of this message is protected  by copyright and trademark laws under U.S. and international law. You  can access our privacy policy by searching the term on fedex.com. All  rights reserved.

Thank you for your business.

EXHIBIT C, PAGE 47

# EXHIBIT D



## About TIREGRAFICX

**TIREGRAFICX is the world's largest distributor and manufacturer of Custom Tire Designs, Tire Lettering Kits, and Tire Decals.**

It is our pleasure to showcase our abilities to transform your car with a simple addition to your tires. The products in our showcases can be used on a variety of tires ranging from RC car tires, motorcycle tires, exotic car tires, and even monster truck tires. Create Your Own Tire Lettering, Upload Your Tire Design, or

We also offer these pre-designed Tire Lettering Designs: Dunlop, Falken, Goodyear, Goodyear Eagle F1, Hankook, MPerformance, Michelin, Nitto, Nitto INVO, Nitto NT555, Pirelli, P Zero, Toyo, Proxes, Yokohama, Advan, and More.

Custom **Tire Lettering** kits, available in Heat Activated Temporary Tire Decals or Permanent Raised Rubber Tire Letters, designed specifically by you, and for you. There is no limit to the designs we can offer you. Let us through our **Tire Decal** builder. This is the beauty in custom customization. There are an infinite amount of possibilities to the designs available for your tires. The Custom Tire Lettering comes in three formats.

1. **Custom OEM Tires** - The ultimate choice in vehicle accessorizing. Pick from our line up of OEM Tires including Pirelli, Michelin, Goodyear, Nitto and more. Choose your customizations and we will make it. Most brands are available. Don't see the brand you want? Then give us a call or email us at info@tiregraficx.com. Color matching is available please call for complete details.

2. **Short Term - Temporary Tire Decals** - Ideal for a quick and easy DIY application with durability to withstand approximately 2000 miles of casual driving conditions. The lettering solution for our temporary, heat activated tire decals gives the tires a true **painted white letter** look while giving you the flexibility to change your tire decal designs regularly. Our Decals use a unique blend of compounds that when heat is applied activates a special bond to your tire for a one of a kind look.

3. **Permanent - Raised Rubber Tire Lettering Kit** - This DIY kit lends an upscale, bonded and quality appearance lasting the lifetime of the tire, and fully wearable even after 10,000+ miles of intense driving. Each Permanent Raised Rubber Lettering kit includes a specially designed Tire adhesive and instructions for application and removal.

Please check out our Tire Lettering **Blog** page for new applications and media. If you have any questions please feel free to contact us at your convenience.



Enlargement of the fine print above – Tiregraficx claims to be a Toyo Tire authorized retailer

*TIREGRAFICX and its affiliates are authorized retailers of the above named tire brand. We do not infer any additional affiliation with the brands listed on this website, unless stated otherwise.



Enlargement of fine print – Tiregraficx claims to be a Nitto authorized retailer

*TIREGRAFICX and its affiliates are authorized retailers of the above named tire brand. We do not infer any additional affiliation with the brands listed on this website, unless stated otherwise.





View this email in your browser

# Code: WINTER

SAVING DOESN'T END WITH BLACK FRIDAY/CYBER
MONDAY.   SHOP NOW AND SAVE!

**Shop Sale**

You're one of the lucky ones...  Get ahead of the pack and earn 20% off your
Permanent Lettering Kit before they sell out on Black Friday/Cyber Monday.
Click the link HERE and the coupon is automatically applied during checkout.

FOLLOW US ON INSTAGRAM

WINTER SALE EVENT -- Code:  WINTER  ❄❄❄☃☃☃❄❄❄

  

Copyright © 2017 FORMULA TIRE CO, All rights reserved.

Want to change how you receive these emails?
You can update your preferences or unsubscribe from this list.

Case 8:20-cv-00502-JLS-KES   Document 1   Filed 03/12/20   Page 56 of 62   Page ID #:56

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE                    Page 1 of 7

**Subscribe**      **Past Issues**                                                    **Trans**



Fight the Good Fight.  Finish the Race.  Keep the Faith

# 30% off all Tire Lettering Stickers.  Code: BFCM

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE                    Page 2 of 7



# BLACK FRIDAY/CYBER MONDAY - 30% OFF ALL KITS

**Start Shopping**

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE                    Page 3 of 7





### Related products

All Custom Tire Lettering Stickers
are on sale now!  Check out our
collections of branded tire lettering
kits!

View similar products »

### What's on sale

Fashion-forward and aggressive
custom Michelin styled tire lettering.
On sale now!

Shop the sale »

You're one of the lucky ones...  Get ahead of the pack and earn 30% off your
Permanent Lettering Kit before they sell out on Black Friday/Cyber Monday.
Click the link HERE and the coupon is automatically applied during checkout.

## FOLLOW US ON INSTAGRAM

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE          Page 4 of 7



30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE                    Page 5 of 7



View this email in your browser

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE



Copyright © 2018 FORMULA TIRE CO, All rights reserved.

Want to change how you receive these emails?
You can update your preferences or unsubscribe from this list

EXHIBIT D, PAGE 61

Case 8:20-cv-00502-JLS-KES   Document 1   Filed 03/12/20   Page 62 of 62   Page ID #:62

30% Off, Black Friday/Cyber Monday.  Tire Lettering Stickers HUGE SALE                    Page 7 of 7

*Copyright © 2018 FORMULA TIRE CO, All rights reserved.*

Want to change how you receive these emails?
You can update your preferences or unsubscribe from this list.