Steven Mandala (*Defendant*)
d/b/a Formula Tire Corp Inc., et al. (*Defendant*)
8600 Commodity Circle STE 148
Orlando, FL  32819
(917) 399-3186
stevenmandala74@gmail.com
Defendants *In Pro Per*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYO TIRE CORP., et. al. | Case No.  8:20-cv-00502-JLS-KES |
| | |
| Plaintiffs, | **DEFENDANT STEVEN MANDALA'S MOTION TO DISMISS** |
| v. | |
| STEVEN MANDALA, et. al. | **[Filed Concurrently with Declaration of Steven Mandala]** |
| Defendants. | |

## DEFENDANT'S MOTION TO DISMISS ALL OF PLAINTIFFS' CLAIMS UNDER FED. R. CIV. P. 12(B)(6) AND TO DISMISS DEFENDANT STEVEN MANDALA FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, AND INCORPORATED MEMORANDUM OF LAW

## I.   INTRODUCTION

Plaintiff's complaint fails to plausibly allege Defendant's infringement. As for direct infringement, the complaint wholly ignores one limitation of the asserted claims. For this reason alone, the complaint should be dismissed in its entirety under the plausibility-pleading standard of *Iqbal* and *Twombly*. And for other claim limitations, the complaint parrots claim language but

provides no factual support for the charge of infringement, again failing the plausibility standard. As for indirect infringement, the pleadings should be dismissed because there is no plausible direct-infringement allegation, a prerequisite for indirect infringement. And as for the many further statutory elements of indirect infringement, the complaint either is silent or parrots the statutory elements without providing factual allegations at all, let alone facts that, if taken as true, would establish plausibility.

For the reasons provided, this Court should dismiss Plaintiffs' complaint in its entirety for failing to state a claim upon which relief can be granted under Rule 12(b)(6).

The Court should further dismiss this action as to Steven Mandala for lack of personal jurisdiction and because venue is improper.

## II. LAW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded. Id. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss under Rule 12(b)(6), "the Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff.*" Every Penny Counts, Inc., v. Bank of America Corp.,* No. 2:07-cv-42-FtM-29SPC, 2007 WL 4247790, at *1 (M.D. Fla. Nov. 30, 2007) (Steele, J.) (citing *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) & *Cristopher v. Harbury*, 536 U.S. 403, 406 (2002)). A complaint must show an entitlement to relief and provide "notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. (internal quotations omitted). "Plaintiff must plead enough facts to state a plausible basis for the claim." *Id*. (citing *Twombly*, 550 U.S. at 555).

       With its 2009 *Iqbal* ruling, the Supreme Court put to rest any question that the stringent "plausibility" pleading standard announced in its 2007 *Twombly* decision applied to federal civil cases outside of Twombly's antitrust context. *Twombly,* 550 U.S. at 570 (requiring plaintiffs to state a claim for relief that is plausible on its face); *Iqbal*, 556 U.S. at 684 (stating that Twombly "was based on our interpretation and application of Rule 8" and that it "expounded the pleading standard for 'all civil actions'. . . ."). After *Iqbal*, United States district courts differed on whether the "plausibility" standard applied in trademark cases or, instead, the less-stringent pleading requirements of Form 18 of the Federal Rules of Civil Procedure. See, e.g., *Gradient Enterprises, Inc. v. Skype Techs. S.A.,* 848 F. Supp. 2d 404, 407-08 (W.D.N.Y. 2012) (compiling cases). The United States Court of Appeals for the Federal Circuit concluded that, with respect to pleading direct infringement of a trademark, Form 18 trumped *Twombly* and *Iqbal* and was sufficient even if, for example, the allegation did not "plead facts establishing that each element of an asserted claim is met." In re *Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334-35 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp*., 501 F.3d 1354, 1357 (Fed. Cir. 2007)). As for indirect infringement (e.g., contributory infringement and inducement), the Federal Circuit applied the Supreme Court's plausibility standard. Id. at 1336-40. Despite the Federal

Circuit's analysis, district courts – applying regional circuit law to this non-patent and purely procedural issue – continued to require plausibility in pleadings for direct infringement notwithstanding Form 18. See, e.g., *Macronix Int'l Co. v. Spansion Inc.,* 4 F. Supp. 3d 797, 803-04 (E.D. Va. 2014); *C&F Packing Co. v. IBP, Inc.,* 224 F.3d 1296, 1306 (Fed. Cir. 2000) ("The question of whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional . . . circuit."). In requiring plausible pleadings, one court observed:

> Indeed, it is high time that counsel in patent cases do all of that work before filing a complaint. That, of course, will serve to winnow out weak (or even baseless) claims and will protect defendants from the need to prepare defenses for the many claims that inevitably fall by the way side in patent cases.

> *Macronix Int'l,* 4 F. Supp. 3d at 803.

But the debate between Form 18 or plausibility has been put to rest with the December 2015 abrogation of Rule 84 of the Federal Rules of Civil Procedure. With that abrogation, Form 18 met its demise, and the Supreme Court's plausibility standard undisputedly applies to all pleadings for direct and indirect patent infringement. While it does not appear that courts in this district have specifically addressed the pleading standard in patent cases since the abrogation of Rule 84, other courts in the Ninth & Eleventh Circuit have, and all appear to agree that pleadings for direct and indirect infringement must meet the heightened plausibility requirement of *Iqbal* & *Twombly*. See., e.g., *Glob. Tech Led, LLC v. Every Watt Matters, LLC,* No. 15-cv-61933, 2016 WL 6682015, at *2 & *4 (S.D. Fla. May 19, 2016) ("Although nothing about *Twombly* and Iqbal necessarily 'suggests that a patent infringement complaint that largely tracks the language of the claims to allege infringement is insufficient per se,' Form 18's abrogation has clearly changed the pleading standard required for claims of direct infringement.") (quoting *Avago Techs. Gen. IP* (Sing)

PTE Ltd., 2016 U.S. Dist. LEXIS 55655, at *13 (N.D. Cal. Apr. 25, 2016)); see also *Raptor, LLC v. Odebrecht Construction, Inc.,* 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017) (Altonaga, J.) ("'[A]n allegation of direct [trademark] infringement is insufficient under Twombly and Iqbal if it simply recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.") (quoting *Glob. Tech Led,* 2016 WL 6682015, at *2) (internal quotations omitted).

### III. Plaintiff's Complaint Is A "Shotgun Pleading" And Therefore Inadmissible.

A shotgun complaint "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Sollberger v. Wachovia Sec., LLC, 2010 WL 2674456, at *5 (C.D. Cal. June 30, 2010)*. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. See *id*. at 1323. Described as "altogether unacceptable" by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); see also *Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1125–28 (11th Cir. Case 6:18-cv-02110-RBD-TBS Document 7 Filed 12/10/18 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc*., 162 F.3d 1290, 1333 (11th Cir. 1998).

The Ninth Circuit courts has described "shotgun pleadings":

> *McLaughlin v. Castro*, 1:17-cv-001597-DAD-MJS (PC), at *6-7 (E.D. Cal. Apr. 10, 2018) ("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Federal Rule 8(a), *Iqbal*, and *Twombly* is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong. Courts have recognized that allowing shotgun pleadings would lead to many negative consequences. See *Mason v. County of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal.

2008) (quoting <u>Anderson v.</u> <u>District Board of Trustees</u>, 77 F.3d 364, 366-67 (11th Cir. 1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); <u>see also Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001) ("Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard. Their impression of the court's ability to take care of its business can hardly be favorable. As the public becomes aware of the harm suffered by the victims of shotgun pleading, it, too, cannot help but lose respect for the system.").")

Here, as each count of the Complaint incorporates each of the preceding allegations (see Dkt. 1, ¶¶ 34, 43, 51, 60), it constitutes an impermissible shotgun pleading and must be dismissed.

The complaint by the plaintiff must (1) identify what party did what, specifically; or (2) what specific acts are allocated to each claim. *See Hughey v. Camacho,* No. 2: 13-cv-2665-TLN-AC (E.D. Cal. Oct. 22, 2014). The Plaintiff's complaint does neither of these things, and hence violates Fed R. Civ. Pro. 10, requiring that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Fed. R. Civ. Pro. 8, requiring that the complaint contain a "short and plain statement" of the entitlement to relief. *Id.*

The complaint also incorporates by reference the 33 paragraphs of allegations that precede the claims, without designating which facts underlie which claim. Given the number of Defendants and the number of claims, Defendants cannot adequately prepare a defense without knowing which Defendant faces which allegations. *Id.*

The four causes of action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, that Plaintiffs' complaint fails in its entirety because it is a shotgun pleading, and that Plaintiffs lacks standing to pursue injunctive or declaratory relief. *See Espinosa v. Bluemercury, Inc.,* Case No. 16-cv-07202-JST (N.D. Cal. Mar. 22, 2017).

Because of this pleading, Defendants have no clear picture as to what is being accused, to whom the accusation is directed; therefore, the original complaint must be dismissed and the default

Motion to Dismiss

judgment against all defendants must be set aside. Although not all incorporation of prior allegations by reference is unwarranted. It is common practice to incorporate by reference in later claims for relief various allegations made in earlier claims (typically allegations as to jurisdiction, venue, parties, sequence of events). Properly used, such incorporation promotes simple, concise pleadings. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir.2001). Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted. This practice has been harshly criticized as a form of "shotgun pleading" that violates Rule 8's requirement of a "short and plain statement" and interferes with the court's ability to administer justice. *Byrne v. Nezhat*, 261 F.3d 1075, 1129-1130 (11th Cir.2001). In attacking such pleading, defendant has an obligation to move for a more definitive statement. *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir.1996) (Under the Federal Rules of Civil Procedure, a defendant faced with a complaint which incorporates each preceding paragraph, whether relevant or not, is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.) *Destfino v. Kennedy*, 2009 WL 63566, *4 (E.D.Cal.2009). *Bear Tooth Mountain Holdings Ltd. P'ship v. ML Manager LLC (In re Mortgs. Ltd.)*, No. 2:08-bk-07465-RJH, at *30 (Bankr. D. Ariz. Mar. 28, 2013) ("Incorporating at least part of the shotgun pleading rule, a Plaintiff does not plead the "who" of fraud with *particularity* when used the *generalized* term "Defendants," instead of identifying a particular Defendant when pleading the particular Defendant's role in the fraudulent conduct. It should be noted that although independent, the analysis between F.R.Civ.P 8(a)(2) and 9(b) reinforces each other. Thus, a finding that a Count is governed by the fraud/mistake particularity requirement of 9(b) *lowers* the threshold for when a shotgun pleading violates "short and plain" statement requirement of 8(a)(2), because that lack of particularity, although short is not *plain* but remains

clouded in generalities. On the flip side, finding that a shotgun pleading violates "short and plain" *lowers* the threshold for when that Complaint fails to plead fraud/mistake with particularity, because the shotgun pleader serves to hide the ball by not pleading facts in the particular location required (in the Count or specifically incorporated). Simply put, *general* incorporation clauses in shotgun pleadings are not very particular, nor very plainly understood because they force the reader to go on a needless treasure hunt through the statement of facts.")

Due to the shotgun nature of this Complaint, it is impossible to ascertain by the Court to whom the Judgment, if one is warranted, should be levied, let alone the party understanding any specific reason as to why he should be enjoined to a complaint with no actual and discernable claim.

On this basis alone, the active complaint should be dismissed in its entirety.

## IV. THE COURT SHOULD FURTHER DISMISS THE COMPLAINT AS TO STEVEN MANDALA FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE.

Defendants further moves this Court for an order dismissing this action as to Steven Mandala for lack of personal jurisdiction and improper venue. See Fed. R. Civ. P. 12(b)(2) & (3); 28 U.S.C. §§ 1400(b) & 1406(a).3

### A.    Law

Federal Circuit law governs whether personal jurisdiction extends over an accused out- of-state infringer. See *Rates Tech. Inc. v. Nortel Networks Corp*., 399 F.3d 1302, 1307 (Fed. Cir. 2005); *Alpha Tech. U.S.A. Corp. v. N. Dairy Equip., Ltd.,* No. 6:17-cv-1000-Orl-31DCI, 2018 WL 501598, at *4 (M.D. Fla. Jan. 22, 2018). The plaintiff bears the burden of establishing personal jurisdiction. A plaintiff bears the burden of establishing personal jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co*., 433 F.3d 1163, 1168 (9th Cir. 2006). When, as here, the Court resolves the motion to dismiss based only on written submissions, a plaintiff must make *prima facie* showing of facts that would support

personal jurisdiction. *Id*. That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002). To make that showing, the plaintiff must establish either "general" or "specific" jurisdiction over the defendant. See *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

A federal court sitting in California applies a two-prong test to determine whether personal jurisdiction exists over an out-of-state defendant. First, a court determines whether jurisdiction exists under California's long-arm statute, Cal.Code Civ.Proc. § 410.10. Interpretation of the long-arm statute is grounded in the rulings of the California Supreme Court and California intermediate appellate courts, and the long-arm statute is to be strictly construed. *Wells Fargo Co. v. Wells Fargo Express Co.,* 9 Cir., 1977, 556 F.2d 406, 413). Second, the court determines whether there are sufficient "minimum contacts" within the forum to comply with federal-constitutional due process such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Canadian Steel*, 2012 WL 2326119, at *3. Under this analysis, the court's initial inquiry is whether the plaintiff has pled a prima facie case for personal jurisdiction. *Id*. "Plaintiff's burden in alleging jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Id*.; *Future Tech.*, 218 F.3d at 1249.

The Plaintiffs failed to allege sufficient facts to meet either test. Neither their original nor their amended complaint cites the California statute, mentions the possibility of establishing personal jurisdiction under anything other than section 1931(b), or alleges specific California contacts for

either Defendant. The only possible reference to defendants contacts with the state is contained in the complaint's assertion that venue was appropriate because "the defendants have engaged in substantial physical business activities within the State of California and specifically at least in Orange County, California." Dkt. 1 ¶2.  This nonspecific conclusory statement is made in direct contradiction to the following sentence in the complaint: "Plaintiffs are informed and believe… that defendants operate internet websites that … offer for sale and sell products."  One cannot physically sell online in California while maintaining physical business locations in Florida.  These conclusory allegations are not enough to show either minimum contacts giving rise to the trademark claims or continuous contacts making defendants liable in California for out-of-state activities. See *Kaylor v. Fields*, 8 Cir., 1981, 661 F.2d 1177, 1182-83 (although pleadings are to be liberally construed, the complaint must contain something more than mere conclusory statements unsupported by specific facts).

As for the minimum-contacts analysis, this Court must apply the Federal Circuit's "three-prong minimum contacts test" for infringement cases: (1) whether the defendant "purposefully directed its activities at residents of the forum"; (2) whether the cause of action arises out of or relates to those activities; and (3) whether its assertion of personal jurisdiction would be "reasonable and fair." See *Alpha Tech.,* 2018 WL 501598, at *4 (citing *3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1378 (Fed. Cir. 1998)). "The first two factors correspond with the minimum contacts prong of the International Shoe analysis, and the third factor with the fair play and substantial justice prong of the analysis." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (internal quotations omitted). Only after the plaintiff has met its burden as to the first two prongs, must the Court determine whether the exercise would be reasonable and fair. See id. at 1363. In doing so, the Court must consider: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient

resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Id.*

As for venue, a person can only be sued in its state of domicile or a district where it has both committed acts of infringement and has a regular and established place of business. See *TC Heartland LLC v. Kraft Food Grp. Brands LLC,* 137 S. Ct. 1514, 1517 (2017); 28 U.S.C. § 1400(b).

**B.  The Court should dismiss Steven Mandala for lack of personal jurisdiction.**

The Court should dismiss Steven Mandala for lack of personal jurisdiction. As for general personal jurisdiction, it does not appear that the complaint alleges that Steven Mandala is subject to general personal jurisdiction. Dkt. 1 ¶ 2. In any event, Steven Mandala is not subject to general jurisdiction in this Court. First, Steven Mandala is not a resident of California (*See* Mandala Declaration) and does not consent to jurisdiction in California. Second, Steven Mandala has not engaged "in substantial and not isolated activity within this state." See Cal.Code Civ.Proc. § 410.10. *Helicopteros,* 466 U.S. at 414-16, also *See* Mandala Declaration.  To the contrary, Steven Mandala is a sole proprietor, not an operating company. He provides, markets, and sells no product or service to, nor directs any of its activities toward the State of California.  Mr. Mandala does not even advertise his internet websites to California residents. Steven Mandala is not registered to do business within California, has no registered agent for the service of process in California, and therefore is unqualified to do business in California. *See* Mandala Declaration

As to all of the foregoing facts, the complaint does not plead otherwise. Instead, the complaint lumps all of the defendants together and generically alleges jurisdiction as to all of them with no factual assertion supporting general jurisdiction as to any of them. Dkt. 1 ¶ 2.

 Therefore, this Court should not exercise general jurisdiction over Steven Mandala based on a complaint that identifies no activity. See *Garrido,* 2013 IL App (1st) 120466, ¶ 35.

As to specific jurisdiction, Steven Mandala has insufficient contacts with California to be subject to suit in this judicial district for its purported infringement of the asserted trademark. First, Steven Mandala has not "purposefully directed [its] activities at the residents of" California, because as explained, Steven Mandala does not have any consumer-facing activities in California. Specifically with reference to the allegations in the complaint, Steven Mandala has not engaged, and does not engage, in any of the allegedly infringing acts anywhere, let alone within California. It does not make, use, offer to sell, or sell any product or service; or perform any other act that could possibly be considered infringement of the asserted trademark in California. The complaint does not allege otherwise.

Therefore, Steven Mandala has not "purposefully directed [any] activit[y] at residents of" California from which the cause of action purportedly described in the complaint "arises out of or [is] relate[d] to." For this reason, the exercise of specific personal jurisdiction under due process would not be either reasonable or fair. See *Alpha Tech.,* 2018 WL 501598, at *4 (citing 3D Sys., 160 F.3d at 1378). As to California's long-arm statute for specific jurisdiction, as explained above, Steven Mandala has performed no alleged activity in California, let alone activity related to the purported trademark infringement. Therefore, even under the California long-arm statute, Steven Mandala is not subject to specific personal jurisdiction.

C.      **The Court should dismiss Defendants for improper venue.**

In addition to dismissing this action for lack of personal jurisdiction, the Court should also dismiss this action as to defendants for improper venue. See Fed. R. Civ. P. 12(b)(3) & 28 U.S.C. §§ 1400(b), 1406(a). For purposes of venue, natural persons reside in the place of their domicile, and defendant corporations reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. §

1391(c)(1)-(2).  If venue is proper, a district court may nonetheless "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." *28 U.S.C. § 1404*(a). A court may order such a transfer on its own motion. See *Costlow*, 790 F.2d at 1488; *Muldoon v. Tropitone Furniture Co.,* 1 F.3d 964, 965 (9th Cir. 1993).

Plaintiffs' understood this concept when serving its first lawsuit on the defendant, showing venue would be proper in the Middle District of Florida.  *See* Exhibit A.  *Schreiber v. Redhawk Holdings Corp.*, No. 17cv824-WQH-BLM (S.D. Cal. Sep. 26, 2017).  After sitting on the complaint for over a year, Plaintiffs' chose to (once again) contradict their own pleading and issue a complaint with opposite statements.  This Court should ask, "Which one is it?" *See* Exhibit A.

Second, as explained above, defendants has committed no act in this District, let alone an act constituting the alleged patent infringement. Finally, defendants maintains its principal place of business in Orlando, Florida, Thus, it does not have a "regular and established place of business" in this judicial district. For these reasons, venue is improper in the Central District of California.

//

//

//

//

//

13                                                                                    Motion to Dismiss

1

## V.  CONCLUSION

2

WHEREFORE, the Court should dismiss this complaint in its entirety for failing to

3

plausibly plead infringement under Rule 12(b)(6).  The Court should further dismiss defendants

4

under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue.

5

Respectfully submitted this 30th day of May, 2020.

6

7

8

9

10

11

Signed:  /s/ Steven Mandala

12

13

Steven Mandala (*Defendant*)

14

d/b/a Formula Tire Corp Inc., et al. (*Defendant*)
8600 Commodity Circle STE 148

15

Orlando, FL  32819

16

(917) 399-3186
stevenmandala74@gmail.com

17

Defendants *in Pro Per*

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of May, 2020, I filed the foregoing documents with the Court's CM/ECF system.  Copies of the documents have been sent through the system to the following person(s).

**Document:   Motion to Dismiss**

Michael Meeks                          *Attorney for Plaintiffs*
**BUCHALTER**
18400 Von Kaman Ave, Suite 800
Irvine, CA  92612
mmeeks@buchalter.com


Date:  May 30, 2020


Signed:  /s/ Steven Mandala
       Steven Mandala (*Defendant*)
       d/b/a Formula Tire Corp Inc., et al. (*Defendant*)
       8600 Commodity Circle STE 148
       Orlando, FL  32819
       (917) 399-3186
       stevenmandala74@gmail.com
       Defendants *in Pro Per*